SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation
  Christine A. Roberts, NV SBN 6472
  Elizabeth E. Stephens, NV SBN 5788
228 South Fourth Street, First Floor
Las Vegas, NV 89101
Telephone:     (702) 382-6440
Fax Number:   (702) 384-9102

Attorneys for Yvette Weinstein,
Chapter 7 Trustee

**Electronically Filed: September 10, 2013**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | ) Case No.  BK-S-10-20038-LED |
| | ) |
| COMMUNITY BANCORP, | ) Chapter 7 |
| | ) |
| Debtor. | ) |
| | ) |
| YVETTE WEINSTEIN, CHAPTER 7 TRUSTEE OF COMMUNITY BANCORP, | ) Adversary Proceeding No.: |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ADVERSARY COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND TURNOVER** |
| | ) |
| PROGRESSIVE CASUALTY INSURANCE COMPANY; EDWARD M. JAMISON; STEPHEN R. CURLEY; JAMES E. NELSON; LEROY R. AMAN; LEANNE B. APPLEDORN-MARCH; RICHARD L. MURPHY; PHILLIP B. WHITAKER; AND THE FEDERAL DEPOSIT CORPORATION AS RECEIVER FOR COMMUNITY BANK OF ARIZONA, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) Ctrm:  3 |
| | )          Foley Federal Building |
| | )          300 Las Vegas Blvd. South |
| | )          Las Vegas, NV 89101 |
| | ) Judge:  Hon. Laurel E. Davis |
| | ) |
| Defendants. | ) |
| | ) |

356358-v2                                                                 1

Yvette Weinstein, Chapter 7 Panel Trustee ("Trustee"), of the Community Bancorp Estate ("Debtor"), by and through her attorney, Christine A. Roberts, Esq. of the law firm Sullivan, Hill Lewin, Rez & Engel, hereby files this adversary proceeding against Progressive Casualty Insurance Company ("Progressive"); Edward M. Jamison, Stephen R. Curley, James E. Nelson, LeRoy R. Aman, Leanne B. Appledorn-March and Richard L. Murphy ("Directors and Officers"); and The Federal Deposit Corporation ("FDIC"), as Receiver for Community Bank of Arizona ("CBOA") states:

**BACKGROUND FACTS AND PARTIES**

1. On or about May 28, 2010 (the "Petition Date"), the Debtor Community Bancorp, Inc. (the "Debtor"), a Nevada corporation, filed a voluntary petition for bankruptcy relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada.

2. On or about May 28, 2010, the Trustee was appointed as the Chapter 7 Trustee for the Debtor ("Plaintiff").

3. Debtor was the holding company for Community Bank of Nevada, a bank chartered by the State of Nevada ("CBON"), and for Community Bank of Arizona, a bank chartered by the State of Arizona ("CBOA").

4. On August 14, 2009, prior to the petition date, the Nevada Financial Institutions Division closed CBON, and the Arizona Department of Financial Institutions closed CBOA. On that same day, the FDIC-Receiver was named as the receiver for both CBON and CBOA.

5. Defendant herein, Progressive, issued Directors & Officers / Company Liability Insurance Policy for Financial Institutions No. 4548839-08 to Debtor and other Named Insureds for the claims-made Policy Period which extended through July 31, 2010 (the "Progressive Policy" or the "Policy"). The Policy lists as named insureds the Debtor, CBOA, CBON and other related entities. The Policy also provides coverage for "any past, present or future director, member of the board of trustees, officer, employee, honorary or advisory director, or honorary or advisory member of the board of trustees of the Company."

6. With respect to claims against insured persons for which coverage is provided pursuant to Insuring Agreements A or B (the "D&O Coverage"), the Policy has an applicable limit

356358-v2                                   2

of liability of $11.5 million.  With respect to claims against the Company for which coverage is provided pursuant to Insuring Agreement C (the "Company Coverage"), the Policy has a limit of liability of $6.5 million.  With respect to D&O Coverage, the Policy is a "wasting" Policy in that "Defense Costs are included within the limits of liability.  Amounts incurred as Defense Costs will reduce the limits of liability available to pay judgment or settlements."  This increases the exposure of the estate to liability for alleged indemnification obligations.

7.    On or about February 11, 2010, the FDIC sent letters to a number of former directors and officers of CBON and CBOA.  Each letter was captioned a "Demand for Payment of Civil Damages and Wrongful Acts" and stated, in part:  "By this letter, the Federal Deposit Insurance Corporation ('FDIC') makes this demand for payment of civil damages on [the recipients of the letter], all of whom are former Directors and/or Officers of [CBON, CBOA and/or Debtor]."

8.    On or about July 13, 2012, FDIC-A filed a lawsuit in the United States District Court for the District of Arizona against seven former directors and officers of CBOA.

9.    Eight Directors and Officers have made claims for indemnification against the estate. [Claim nos. 3, 4, 5, 6, 7, 8, 9 and 10]  Each are seeking indemnification by the estate for the claims asserted by the FDIC.  Of those eight, three have been named as Defendants in the FDIC suit.

10.    On February 4, 2013, Progressive filed a lawsuit in the United States District Court for the District of Arizona captioned *Progressive Casualty Insurance Company v. Federal Deposit Insurance Corporation, as Receiver of Community Bank of Arizona, et al.,* No. 2:13-cv-00232. ("Progressive Action")  In that action Progressive seeks a declaration that there is no coverage for the Directors and Officers with respect to the FDIC-A claim.  The only parties to that action are Progressive, the FDIC-A, and the former CBOA Directors and Officers.  Progressive did not seek relief from stay to file the action.

11.    On or about July 12, 2013, the Trustee filed a Motion to Determine Violation of the Automatic Stay, seeking a determination by the court that the filing of the action was a violation of the stay.  On August 27, 2013 the court ruled that the filing of the action was a violation of the stay.

12.    The Directors and Officers have asserted that if they are found liable in the action brought by the FDIC they will seek indemnity from the estate and that they are owed a defense by

356358-v2                                3

the Estate.  The Trustee has been put in an untenable position by these actions outside of this Bankruptcy Court.  On the one hand former Directors and Officers of CBOA have called upon Progressive to fund their defense in claims asserted by the FDIC against them so that the Policy proceeds are being dissipated with little Trustee oversight (or oversight by the Bankruptcy Court).  Now, Progressive is attempting to procure a declaration that the Directors and Officers are not covered at all by the Policy, thus threatening both the Policy as an asset of the Estate and all other assets of the Estate (because the Directors and Officers are claiming rights to a defense and to indemnification from the Estate.)  The Trustee procured an order declaring the Progressive Action a violation of the stay and seeks damages and expenses resulting from the violation of the stay.

13.     The D&O Policy is property of the estate and the automatic stay applies to that property.  Further, the derivative proceeds of an indemnity policy are also property of the estate.  The policy covers the debtor corporation's liability vis a vis third parties including but not limited to its indemnification obligations to the Officers and Directors and any obligations it may have to defend them.

### JURISDICTION AND VENUE

14.     This court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§157 and 1334.  This Adversary Proceeding is a core proceeding pursuant 28 U.S.C. §157(b) (A), (B), (C), (E), (K) and (O).

15.     Venue in this district is proper pursuant to 28 U.S.C. §1409.

16.     An actual case or controversy exists between Debtor and Progressive because Progressive has violated the automatic stay by commencing an action against non-debtors (but co-insureds) that they knew or should have known would have an adverse impact on the Estate's ability to liquidate and commencing an action which will deplete the assets of the Estate.

17.     Defendants, Edward M. Jamison, James E. Nelson and Stephen R. Curley, former directors and officers of the banks, have filed Proof of Claims in the Estate.

18.     Defendants, LeRoy R. Aman, Leanne B. Appledorn-March and Richard L. Murphy are necessary parties to this action.

19.     The FDIC Receiver is a claimant in the case and a necessary party.

356358-v2                                             4

## FIRST CAUSE OF ACTION

## DECLARATORY RELIEF

### (As to the Policy)

20.     Plaintiff restates and realleges paragraphs 1 through 19 above as though fully set forth herein.

21.     Section 362 of the Bankruptcy Code prohibits the commencement or continuation of any act to obtain possession of or exercise control over the property of the Debtor's estate.  Any future action by Progressive seeking to deny coverage threatens the entirety of the proceeds of the insurance policy as property of the estate, threatens the ability of the estate to have funds to indemnify Directors and Officers or to pay for the cost of their defense, threatens the ability to liquidate the Estate as it must otherwise preserve assets, and threatens irreparable harm by distracting the Trustee's efforts.

22.     There exists a substantial controversy between Plaintiff and Defendants warranting the issuance of a declaratory judgment under 28 U.S.C. §2201, that the insurance proceeds are property of the Estate.

## SECOND CAUSE OF ACTION

## INJUNCTIVE RELIEF

### (As to the Policy)

23.     Plaintiff restates and realleges paragraphs 1 through 22 above as though fully set forth herein.

24.     Any action taken by Progressive to deny coverage, threatens irreparable injury to Plaintiff's ability to liquidate the estate under the Bankruptcy Code.  The action exposes Plaintiff to claims for indemnification while stripping it of its insurance policy by means of collateral estoppel, imputed admissions, and/or vicarious holdings.

25.     Allowing Progressive to cause the dissipation of assets of the estate, outside of a court-supervised liquidation, eviscerates the fundamental federal Bankruptcy Code policy of requiring assets of the estate to be mustered and then parceled out to creditors equally and fairly through a court-supervised process.

356358-v2                                    5

26.     The Trustee seeks to enjoin Progressive from taking any action seeking to deny coverage.

27.     The harm to Plaintiff if an injunction is not issued will significantly outweigh any harm suffered by Progressive if the Progressive Action is enjoined.  Such an injunction will serve the public interest by ensuring that the estate is maximized for the benefit of all creditors and the estate's assets are distributed in accordance with the statutory mandated bankruptcy code.

**THIRD CAUSE OF ACTION**

**TURNOVER OF POLICY PROCEEDS**

**(As to the Policy)**

28.     Plaintiff restates and realleges paragraphs 1 through 27 above as though fully set forth herein.

29.     The Debtor's interest in the Policy and the proceeds therefrom are assets of the Chapter 7 estate.

30.     Plaintiff is informed and believes, and, based on such information and belief, that Defendant has already paid some of the proceeds under the Policy to certain Officers and Directors.

31.     The Plaintiff is entitled to an order directing Defendant, Progressive to turn over the proceeds of the Policy to the Plaintiff pursuant to 11 U.S.C. §542.

**FOURTH CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(As to the Indemnification Claims)**

32.     Plaintiff restates and realleges paragraphs 1 through 31 above as though fully set forth herein.

33.     Defendants, Edward M. Jamison, James E. Nelson and Stephen R. Curley, LeRoy R. Aman, Leanne B. Appledorn-March and Richard L. Murphy are seeking indemnification from the Estate.

34.     The Trustee seeks a declaration from the court as the whether the directors and officers are entitled to indemnification from the Estate.

356358-v2                                6

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests this court to:

a) Declare any Progressive action taken to deny coverage a violation of Section 362(a) of the Bankruptcy Code;

b) Declare that the insurance proceeds are property of the Estate;

c) Enter a preliminary and permanent injunction pursuant to Section 105 of the Bankruptcy Code barring prosecution of any Progressive action to deny insurance coverage;

d) Enter an order directing Defendants to turn over the Policy and proceeds therefrom to the Plaintiff;

e) Declare whether the director and officers are entitled to coverage; and

f) Award such other legal and equitable relief as this court deems just and proper.

Dated:      September 10, 2013          SULLIVAN, HILL, LEWIN, REZ & ENGEL
                                        A Professional Law Corporation


                                        By:      _____*/s/ Christine A. Roberts*_____
                                                 Christine A. Roberts
                                                 Attorneys for Chapter 7 Trustee, Yvette Weinstein

356358-v2                               7