Brian E. Holthus, Esq.
Nevada Bar No. 2720
JOLLEY URGA WIRTH
WOODBURY & STANDISH
3800 Howard Hughes Parkway, 16th Floor
Las Vegas, Nevada 89169
Telephone:      (702) 699-7500
Facsimile:      (702) 699-7555
Email:          beh@juww.com

E-filed: *November 7, 2013*

Lewis K. Loss
Matthew J. Dendinger
LOSS, JUDGE & WARD, LLP
Two Lafayette Centre
1133 21st Street, NW, Suite 450
Washington, DC 20036
Telephone:      (202) 778-4060
Facsimile:      (202) 778-4099
Email:          lloss@ljwllp.com
                mdendinger@ljwllp.com

Attorneys for Progressive Casualty
Insurance Company

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>COMMUNITY BANCORP,<br><br>        Debtor.<br><br>YVETTE WEINSTEIN, CHAPTER 7 TRUSTEE OF COMMUNITY BANCORP,<br><br>        Plaintiff,<br><br>v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY, ET AL.,<br><br>        Defendants. | Case No. BK-S-10-20038-LED<br><br>Chapter 7<br><br>Adversary Proceeding No. 13-01168-led<br><br>**DEFENDANT PROGRESSIVE CASUALTY INSURANCE COMPANY'S MOTION TO DISMISS OR STAY ADVERSARY PROCEEDING AND MEMORANDUM IN SUPPORT**<br><br>**Date:**         **December 16, 2013**<br>**Time:**         **1:30 p.m.** |

NOW COMES Defendant, Progressive Casualty Insurance Company ("Progressive"), by and through its undersigned counsel, and respectfully requests that this Court enter an order dismissing without prejudice this Adversary Proceeding filed by Yvette Weinstein, Chapter 7 Trustee of Community Bancorp ("Trustee"), or, in the alternative, staying the Adversary Proceeding until such time as Progressive's appeal of the Court's September 6, 2013 order in the *In re Community Bancorp* bankruptcy proceeding (the "Bankruptcy Proceeding") [DE 398] has been resolved.

## INTRODUCTION

Progressive brings this motion in the interest of judicial economy. The issue whether the D&O liability insurance policy Progressive issued to Community Bank of Arizona ("CBOA" or the "Bank") provides coverage for a claim by the FDIC as receiver of the Bank against the Bank's former directors and officers (the "Ds & Os") is now the subject of two pending actions. The first is the declaratory judgment action Progressive filed in the U.S. District Court for the District of Arizona in February. The second is this Adversary Proceeding the Trustee filed some seven months later. While it is clear that this issue will be adjudicated, it remains to be resolved whether that adjudication will take place in the Arizona District Court or this Court.

In its September 6, 2013 order in the Bankruptcy Proceeding, this Court held that Progressive's declaratory judgment action constituted a "technical violation" of the automatic bankruptcy stay. That issue presently is before the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP") pursuant to Progressive's appeal of the Court's September 6 order. The Arizona District Court has stayed the declaratory judgment action pending resolution of Progressive's appeal.

In order to avoid irreparable harm to the defendants and for the sake of efficiency and judicial economy Progressive respectfully submits that this Court should do the same with

respect to this Adversary Proceeding.  Absent such relief, there is a very real possibility that the parties, and the Court, will be subject to significant and unnecessary burden and expense in addressing issues in this matter that may ultimately be resolved in the Arizona District Court.

## **BACKGROUND**

On or about July 13, 2012, the Federal Deposit Insurance Corporation, as Receiver of Community Bank of Arizona ("FDIC-R"), filed a lawsuit (the "FDIC-R Action") against the former directors and officers of CBOA who are named as defendants in this Adversary Proceeding.  The FDIC-R Action is pending in the United States District Court for the District of Arizona and is captioned *FDIC-R v. Jamison, et al.*, No. 2:12-cv-01508.  On February 4, 2013, Progressive filed an action, also in the United States District Court for the District of Arizona, seeking a declaratory judgment that Directors & Officers / Company Liability Insurance Policy for Financial Institutions No. 4548839-08 that it issued to, *inter alia*, CBOA (the "Progressive Policy" or the "Policy") does not provide coverage for the FDIC-R Action.[1]

### I.    The Trustee's Motion to Determine Violation of the Automatic Stay

Shortly after Progressive filed the CBOA DJ Action, counsel for the Trustee contacted counsel for Progressive and questioned whether it violated the automatic bankruptcy stay.[2]  In response to this inquiry, Progressive's counsel directed the Trustee's counsel to the Ninth Circuit's decision in *In re Pintlar Corp.*, 124 F.3d 1310 (1997), and

---

[1]  Progressive's declaratory judgment action is captioned *Progressive Casualty Insurance Company v. Federal Deposit Insurance Corporation, as Receiver of Community Bank of Arizona, et al.*, No. 2:12-cv-00232-HRH (D. Ariz.) (the "CBOA DJ Action").

[2]  (Bankruptcy Proceeding, DE 382, Declaration of Matthew J. Dendinger in Support of Opposition of Progressive Casualty Insurance Company to Motion to Determine Violation of the Automatic Stay ("Dendinger Dec."), ¶ 8; Ex. D).

noted that it directly addressed this issue.[3]  *Pintlar* held that a declaratory judgment action such as the CBOA DJ Action does not come within the scope of the Bankruptcy Code's stay provision.  Notwithstanding an invitation by Progressive's counsel to contact him if she had any further questions, neither he nor Progressive heard anything further from the Trustee's counsel.  Some four months later, with no further communication to Progressive or its counsel in advance, the Trustee filed a motion in the Bankruptcy Proceeding on July 12, 2013 asserting that, contrary to *Pintlar*, this action does violate the automatic stay.  On August 27, 2013, the Bankruptcy Court held a hearing during which it announced its decision concerning the Trustee's motion.  The Court's September 6, 2013 order holding that the CBOA DJ Action constitutes a "technical violation" of the automatic stay followed.

On September 20, 2013, Progressive filed a Notice of Appeal of the Court's September 6 order.  Pursuant to the Briefing Order issued by the BAP, Progressive's opening brief and appendix are due by November 12, 2013, the Trustee's response brief and appendix are due within 21 days after service of Progressive's opening brief, and Progressive's reply brief is due within 14 days after service of the Trustee's response.  Under this schedule, briefing on Progressive's appeal should be concluded by no later than December 23, 2013.  The Briefing Order further provides that "[t]he parties generally should expect that oral argument will occur shortly after briefing is completed" and that "the BAP seeks to set argument as soon as practical after briefing is completed."  The first dates subsequent to December 23, 2013 on which the BAP is hearing oral arguments are January 22, 23 and 24, 2014.

## II.    The CBOA DJ Action

After the Trustee filed her Motion to Determine Violation of the Automatic Stay, the court in the CBOA DJ Action entered an order on July 29, 2013 that the CBOA DJ Action

---

[3] (*Id.*).

would be stayed pending the outcome of the Trustee's motion.[4]  On September 13, 2013, after the Court entered its order on the Trustee's motion, the court in the CBOA DJ Action entered an order to show cause "why some or all parties in this declaratory judgment action should not be dismissed without prejudice."[5]  Progressive responded to that order on September 27, 2013,[6] and the court entered a further order on October 2, 2013.[7]  In consideration of Progressive's response, the court *did not* dismiss the CBOA DJ Action but, rather, expressed its view that the action "should be stayed pending the ruling of the [BAP]."[8]  Thereafter, on October 15, 2013, the court entered an order staying the CBOA DJ Action pending resolution of Progressive's appeal by the BAP.[9]  If Progressive prevails in its appeal, the CBOA DJ Action will proceed.  In that instance, Progressive would seek to have the Adversary Proceeding dismissed, if it has not already been.

## ARGUMENT

It is clear that the question of whether the Progressive Policy provides coverage for the FDIC-R's claims against the former CBOA Ds & Os ultimately will be adjudicated.  Still unsettled, though, is whether that question will be adjudicated in this Court in the recently-filed Adversary Proceeding or by the District Court in Arizona in the CBOA DJ Action Progressive filed nearly a year ago.[10]

---

[4] (CBOA DJ Action, DE 52).

[5] (*Id.*, DE 54).

[6] (*Id.*, DE 55).

[7] (*Id.*, DE 56).

[8] (*Id.*).

[9] (*Id.*, DE 57).

[10] Progressive believes Arizona is the proper forum for this dispute.  All but one of the Ds & Os reside in Arizona.  The FDIC receivership is of a bank that was located in Arizona, and the FDIC-R's underlying action against the Ds & Os is pending in the U.S. District Court in Arizona.  The only connection to Nevada is the happenstance that CBOA's bank holding company at the time it failed, Community Bancorp, was headquartered there.

Progressive has filed the necessary appeal to obtain further review of the issue whether the stay applies to the CBOA DJ Action in the first instance and, by extension, whether the coverage issues are properly addressed in this Court or in the Arizona District Court. If the Court's order ultimately is affirmed, absent relief from the stay (discussed below), the CBOA DJ Action likely will not proceed, and the issue of coverage may be resolved in the context of the Adversary Proceeding. However, if the Court's order is reversed, as Progressive respectfully believes it should be, the CBOA DJ Action will proceed, and the issue of coverage will be resolved there. By granting the instant motion for dismissal or a stay of the Adversary Proceeding until the path forward is clear, the Court can avoid the possibility that it and the parties will spend significant time and resources litigating issues in this Court that ultimately may be resolved in the Arizona District Court.

Alternatively, this Court could enter an order in the Bankruptcy Proceeding granting relief from the automatic stay, to the extent it applies, to allow the CBOA DJ Action to proceed. Progressive intends to file a motion seeking such relief shortly.[11] If granted by the Court, such relief may obviate the need for Progressive to continue pursuing its appeal of the Court's September 6 order.[12]

Courts have recognized that a stay of proceedings is in the interests of judicial economy when a pending appeal could materially affect whether or how they will proceed. For example, in *New Cingular Servs. v. Burkart*, No. 2:07-cv-02451-MCE, 2008 U.S. Dist. LEXIS 58563 (E.D. Cal. Aug. 1, 2008), a creditor in a bankruptcy adversary proceeding initiated by the trustee filed a motion to compel arbitration. *Id*. at *3. The bankruptcy court denied the motion, and the creditor appealed to the district court. *Id*. at *4–5. The creditor

---

[11] The Trustee has declined to agree to this relief.

[12] It remains Progressive's position that, pursuant to the Ninth Circuit's decision in *Pintlar*, the automatic stay is inapplicable to the CBOA DJ Action.

also filed a motion in the bankruptcy court asking that the adversary proceeding be stayed pending resolution of its appeal. *Id*. at *4. The bankruptcy court denied that motion, and the district court reversed. *Id*. at *2, 4.

After first setting forth the "[f]actors a court must consider when determining whether to issue a stay pending appeal," the district court concluded that those factors weighed in favor of granting the requested stay. *Id*. at *5–17. The factors set forth by the court were "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Id*. at *5 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The court went on to state that "[e]ssentially, the party seeking the stay must demonstrate that the injury it would sustain if the stay did not issue outweighs the harm the stay would cause the party opposing the stay" and that "[w]here the moving party has established irreparable harm to the movant, absence of harm to the opposing party, and lack of injury to the public interest, the 'likelihood of success' requirement is relaxed somewhat." *Id*. (citations omitted).

As is the case here, the court in *New Cingular* determined that the creditor "would suffer 'substantial harm' through potentially unnecessary litigation in the adversary proceeding if this Court reverses the bankruptcy court's decision to deny [the creditor's] Motion to Compel Arbitration." *Id*. at *8. Absent a dismissal or stay of the Adversary Proceeding pending Progressive's appeal of the Court's September 6 order, Progressive and the other defendants in this action could suffer "substantial harm" through potentially unnecessary litigation in this Adversary Proceeding if the BAP reverses the Court's September 6 order and the CBOA DJ Action proceeds. As noted above, the individual D&O

defendants in this proceeding agree that it should be dismissed or stayed pending resolution of Progressive's appeal.

With respect to the merit of Progressive's appeal, Progressive believes there is a high likelihood that its appeal will be successful.  Progressive believes the Court erred in declining to follow prior Ninth Circuit precedent set forth in *In re Pintlar* Corp., 124 F.3d 1310 (1997), and in adopting the Trustee's attempts to distinguish *Pintlar* based on immaterial factual differences between *Pintlar* and this matter.  Finally, as the court held in *New Cingular*, "[g]ranting the Motion to Stay Pending Appeal is in the public interest" because "[s]taying a potentially unnecessary adversary action in a bankruptcy court conserves judicial resources." 2008 U.S. Dist. LEXIS 58563, at * 16; *see also, e.g., Bank of America, N.A. v. Landis*, No. 2:11-cv-1338-RCJ-PAL, 2011 WL 5117909, at *2 (D. Nev. Oct. 27, 2011) (granting motion to stay pending appeal); *Abudiab v. City & County of San Francisco*, No. C 09-01778 JSW, 2012 U.S. Dist. LEXIS 47962, at *1–2 (N.D. Cal. Apr. 4, 2012) (staying proceeding pending resolution of interlocutory appeal "in the interests of judicial economy"); *Bristow v. Lycoming Engines*, No. CIV. S-06-1947 LKK/GGH, 2008 U.S. Dist. LEXIS 50416, at *8 (staying proceeding pending appeal of order decertifying class); *Balvage v. Ryderwood Improvement & Serv. Ass'n, Inc.*, No. C09-5409BHS, 2010 U.S. Dist. LEXIS 98776, at *2, 6 (W.D. Wash. Sept. 1, 2010) (staying action pending discretionary, interlocutory appeal); *Stadler v. McCulloch*, 882 F. Supp. 1524, 1527–28 (E.D. Pa. 1995) (noting that in considering a motion to stay, "[c]ourts must consider the time and effort of counsel and the litigants with a view toward a policy of avoiding piecemeal litigation" and granting the motion to stay pending appeal (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Progressive respectfully suggests that the Court should follow the reasoning of these cases in this matter and dismiss or stay the Adversary Proceeding pending resolution of Progressive's appeal of the Court's September 6 order.

**CONCLUSION**

For all the foregoing reasons, Progressive respectfully requests that the Court enter an order dismissing this matter with prejudice or, in the alternative, staying this matter pending final resolution of Progressive's appeal of the Court's September 6, 2013 order and for such other and further relief as the Court deems just and proper.

Dated this 7th day of November, 2013.

Respectfully submitted by,

/s/ Brian E. Holthus
Brian E. Holthus
Jolley Urga Wirth Woodbury & Standish
3800 Howard Hughes Parkway, 16th Floor
Las Vegas, NV 89169
(t) 702-699-7500
(f) 702-699-7555
beh@juww.com

Of counsel

Lewis K. Loss
Matthew J. Dendinger
Loss, Judge & Ward, LLP
1133 21st St., NW, Suite 450
Washington, DC 20036
(t) 202-778-4060
(f) 202-778-4099
lloss@ljwllp.com
mdendinger@ljwllp.com

*Counsel for Progressive Casualty Insurance Company*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on November 7, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record, including the appellee.

/s/ Agnes R. Wong